## J. H. SKEELE ET AL.

### v.

## ELI STOCKER ET AL.

PRIORITY OF EQUITY.—Where a party loans to another money to be secured by a first lien, with the understanding that a prior lien shall first be paid and released, he makes such party his agent for the purpose of procuring such release, and if he fails so to do, the loss is upon the principal. It was his duty to see to the discharge of the first lien before parting with his money.

APPEAL from the Circuit Court of Grundy county; the Hon. GEORGE W. STIPP, Judge, presiding.    Opinion filed Aug. 8, 1882.

Mr. S. C. STOUGH, for appellants; that appellee Maunder is bound by the act of Stocker who was her agent, cited Singer Mfg. Co. v. Holdfoot, 86 Ill. 455;    Ingalls v. Morgan, 10 N. Y. 178;    Hyer v. Van Valkenburg, 8 Conn. 260;    Story on Agency, § 452.

Payment of a negotiable note without requiring production of the note is gross negligence.    Keohane v. Smith, 97 Ill. 156; McClelland v. Bartlett, 3 Bradwell, 481.

Appellees are chargeable with notice of the prior incumbrance: Rupert v. Mark, 15 Ill. 540; Hankinson v. Barbour, 29 Ill. 80; Dickinson v. Breedon, 30 Ill. 279; C. R. I. & P. R. R. Co. v. Kennedy, 70 Ill. 350; Morrison v. Kelley, 22 Ill. 610; Redden v. Miller, 95 Ill. 336; Slattery v. Rafferty, 93 Ill. 277; Ætna Ins. Co. v. Ford, 89 Ill. 252.

Messrs. DOWD & WING for appellees, that the assignment of the mortgage should have been recorded, cited Ogle v. Turpin, 102 Ill. —; Turpin v. Ogle, 4 Bradwell, 611; Howard v. Ross, 5 Bradwell, 456; Smith v. Keohane, 6 Bradwell, 585.

The loss should fall upon the party whose omission to put his assignment upon record placed it in the power of others to commit the fraud: Gregory v. Savage, 33 Conn. 250; State Bank v. Anderson, 14 Iowa, 555; Fassett v. Smith, 23 N. Y. 258.

PLEASANTS, J.   The material facts in this case are as follows:

Early in November, 1877, appellee Stocker gave to one Samuel Ward his promissory note, at one year, for $250, with interest at ten per cent., and secured the same by mortgage, which was promptly recorded.

Ward in the same month indorsed said note, and with it delivered the mortgage to appellants, who were merchants of Chicago, as collateral security for debt owing them by the firm of Ward & Pierce, of which he was a member.

Stocker was indebted to Mrs. Maunder in the sum of $100, unsecured, and desired a further loan, which she consented to make upon his agreeing to give her a first lien upon the same premises to secure it, and the existing indebtedness.   To enable him to do so she put into his hands the sum of $275, with express direction not to pay it until the Ward mortgage, which she knew was outstanding and not yet due, should be satisfied.   He gave her his note for the whole amount, and having also prepared a mortgage, to be executed when a release of the other should be obtained, went to Verona, the place of business of Ward & Pierce, and upon information from the latter that the papers were in Chicago, and Ward at Morris, gave him the money, and took his receipt.

Pierce by telegraph communicated the fact to Ward, who thereupon entered a formal release, after which the Maunder mortgage was executed, accepted and placed upon record. Ward & Pierce having failed in debt to appellants, the latter filed the bill herein to foreclose the one so assigned to them, making Mrs. Maunder a party defendant. She answered setting up hers, and claiming priority.

The circuit court by its decree sustained her claim, and complainants appealed.

No bad faith in fact is imputed to either creditor, and the question is which of these liens is under the circumstances entitled to precedence.

We are of opinion that Stocker was agent of Mrs. Maunder, to get the Ward mortgage effectually released.

The fact that its accomplishment was of personal interest to him was not inconsistent with such relation.

It was of interest to her also, and with reference to that it

was created. She entrusted her money to him to be used for a specified purpose and he undertook so to use it. As between them it was hers until he should apply it as directed. Whether she could recover it of Ward, as having been received by him to her use, is not now to be determined. The note she received was given and taken conditionally. But it was his and not hers when he gave it to Ward through Pierce. She loaned it to him without security, and it may be doubted whether by afterward taking the mortgage she could become an innocent purchaser for value, as against the equitable assignees of the elder one. For if Stocker was not her agent, then she relied alone upon his promise to get that mortgage extinguished, in whosesoever hands it might be, and took the risk of his failing so to do.

So that in either case the question would be whether he failed, through his own negligence, to effect its extinguishment as between himself and the assignees.

If he was her agent and so failed, she, as principal, would be equally chargeable with such negligence and therefore could not claim the protection of the registry laws although the assignment had not been recorded; if he was not, she relied not upon the record which was then against her, but solely upon his promise with notice of the prior incumbrance, and must look alone to him. What are the facts? He knew and she knew that Ward, being the payee, had held the mortgage note, as well as that it was not due and was unpaid. He knew further that it was not then in the payee's hands but somewhere in Chicago.

Most obviously, then, Ward was the person of whom inquiry about it should be made. No other source of information then appeared or was suggested. Such instruments are assignable in their nature and very commonly assigned in fact. There was nothing to indicate that this had not been assigned, but contrariwise; and every such debtor is held to pay at his peril if he neglects to take up his note or see that it is canceled.

Yet Stocker, without ascertaining who held it, or making inquiry of Ward or taking any other measures to ascertain it,

gave the money to a third party for him, went back to Mrs. Maunder with his report of what he had done, and upon Ward's unauthorized entry of the release of the old mortgage, executed the new one, which she accepted without knowing or using other means to know that the note was taken up or canceled. This was gross negligence.

The case is quite different from that of Ogle v. Turpin, 102 Ill. 148, so much relied on. There the loan was made upon security given with a clear record, and after inquiry of the mortgagee. He had held the notes which he received for the purchase money and must have known what disposition had been made of them.

His assurances that the mortgage was rightfully canceled by his release were further corroborated by the production of a deed of the equity of redemption from the mortgagor to him, for it was certainly to be presumed that the purchaser would not reconvey the land without taking up his notes given for it. Gregory v. Savage, 32 Conn. 250; B'k of the State of Indiana v. Anderson, 14 Iowa, 544. Here the loan was made without security upon a record showing the prior incumbrance, and to the mortgagor, who without inquiry of the mortgagee or other effort to learn who then held it, gave the money to a third party for the latter at a venture, taking all risks of its previous transfer to an innocent assignee, which had in fact been made. This is like the case of Koehane v. Smith, 97 Ill. 156, and shows much greater negligence than that of complainants in failing to take and record a formal assignment of their mortgage.

The decree of the circuit court, in postponing the complainants' lien to that of Mrs. Maunder, was erroneous, in which particular it is therefore reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.